UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MAXAMED ADAN,

        Petitioner,

v.

JEFFERSON BEAUREGARD SESSIONS III, Attorney General, et al.,

        Respondents.

**MEMORANDUM OF LAW & ORDER**
Civil File No. 17-5328 (MJD/BRT)

Kimberly K. Hunter and John R. Bruning, Kim Hunter Law, PLLC, Counsel for Petitioner.

Craig R. Baune, Ana H. Voss, and Ann M. Bildtsen, United States Attorney's Office, Counsel for Respondents.

## I.    INTRODUCTION

This matter is before the Court on Petitioner Maxamed Adan's Emergency Motion for Temporary Restraining Order and Stay of Removal. [Docket No. 4] The Court heard oral argument on December 4, 2017. Because this Court is without jurisdiction, Adan's motion must be denied.

## II.    BACKGROUND

### A.    Factual Background

1

Petitioner Maxamed Adan is a citizen of Somalia. (Pet. Ex. I, IJ Decision at 1.) On March 1, 1998, Adan entered the United States without documentation by crossing the border from Mexico with the help of a paid smuggler of undocumented persons. (Id.; O'Denius Decl. ¶ 5; IJ Decision at 1.)

Adan applied for asylum in 1998, based upon his clan membership. (IJ Decision at 2, 8.) An immigration judge ("IJ") ordered Adan removed on July 30, 1998. (Id. at 1, 15.) The IJ opined that Adan had not been persecuted "on account of" his clan affiliation or political activity but that he had been a victim of civil strife. (IJ Decision at 13.)

On October 25, 2002, the Board of Immigration Appeals ("BIA") summarily affirmed that decision. (Pet. Ex. I, BIA Decision.)

Adan regularly reported to U.S. Immigration and Customs Enforcement ("ICE") under an order of supervision. (Pet. Ex. H, Adan Decl. ¶ 6.) On March 19, 2017, Adan went to the Canadian border to request asylum because he feared being removed to Somalia, was returned to the U.S., and given a ride back to Grand Forks by U.S. border patrol officers. (Id. ¶ 12.) Adan avers that a U.S. border patrol officer told him that "no one is going to deport you." (Id. ¶ 13.)

In September 2017, Adan appeared for a regular ICE check in and was taken into custody. (Adan Decl. ¶ 6; O'Denius Decl., Exs. E-F.) On September 28, ICE transferred Adan to a facility in Iowa. (O'Denius Decl. ¶ 15.) On November 28, ICE moved Adan to custody in Louisiana for removal to Somalia. (Id. ¶ 19.) He is expected to be removed on December 7, 2017. (Id.)

On November 24, 2017, Adan filed a motion to reopen his case before the BIA. (Pet. Ex. D, Hunter Decl. ¶ 2; Pet. Ex. F, Motion to Reopen; Pet. Ex. G, I-589 Application.) Also on that date, Adan filed a motion to stay his removal. (Pet. Ex. D, Hunter Decl. ¶ 2; Pet. Ex. J, Motion for Stay of Removal.) Neither motion has yet been ruled on. (Pet. Ex. D, Hunter Decl. ¶ 3.) On November 30, ICE denied a request for an administrative stay. (Id. ¶ 4.)

B.   **Procedural History**

On December 1, 2017, Adan filed a Petition for Writ of Habeas Corpus in this Court. [Docket No. 1] Respondents are Jefferson Beauregard Sessions III, Attorney General; Elaine C. Duke, Acting Secretary, Department of Homeland Security; Thomas Homan, Director, Immigration and Customs Enforcement; Scott Baniecke, Director, St. Paul Field Office, Immigration and Customs Enforcement; and Brian Acuna, Director, New Orleans Field Office, Immigration and Customs Enforcement.

Adan claims that, if he is removed to Somalia, he faces a significant risk of persecution and torture, particularly at the hands of Al-Shabaab. He claims that Al-Shabaab was not formed until 2006, so he asserts that their presence constitutes changed country conditions. He further asserts that, because he has spent approximately 20 years in the United States, he risks persecution or torture as a perceived apostate, a perceived Westernized infidel and as a perceived spy.

Adan claims that the BIA's failure to rule on his motion to reopen and to stay abrogates his right to demonstrate his statutory entitlement to protection from removal based on changed circumstances. He claims that failure to stay the removal will deprive him of due process and violate U.S. law.

### III. DISCUSSION

The Court cannot reach the merits of Adan's request for injunctive relief because the Court concludes that it is without jurisdiction over this case.

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).

4

"A claim that is 'connected directly and immediately' to a decision to execute a removal order arises from that decision." Silva v. United States, 866 F.3d 938, 940 (8th Cir. 2017) (citation omitted). "The statute [] makes no distinction between discretionary and nondiscretionary decisions. So long as the claim arises from a decision to execute a removal order, there is no jurisdiction." Id.

In Silva, the Eighth Circuit noted that, in Jama v. Immigration & Naturalization Service, 329 F.3d 630 (8th Cir. 2003), aff'd, 543 U.S. 335 (2005), the court had "essentially carved out an exception to § 1252(g) for a habeas claim raising a pure question of law, in part due to concerns that a contrary rule would give rise to substantial constitutional questions." Silva, 866 F.3d at 941.

Here, Adan is subject to a final order of removal. He requests that this Court stay execution of that removal order while his motion to reopen and to stay are decided by the BIA because failure to do so would violate the U.S. Constitution, the Immigration and Nationality Act ("INA"), and the Convention Against Torture ("CAT"). The Court concludes that Adan is clearly challenging ICE's decision to execute a removal order. His request falls squarely under § 1252(g). This Court is without jurisdiction to entertain his request for relief.

This matter does not present "a habeas claim raising a pure question of law." Silva, 866 F.3d at 941. Rather, Adan's motion rests on fact-based arguments regarding whether country conditions have materially changed in Somalia and whether he has received due process with respect to the handling of his agency proceedings.

Moreover, the Eighth Circuit has held that the REAL ID Act process that applies to Adan's motion to reopen and motion to stay is an adequate process under the Suspension Clause:

> This court may review all constitutional claims and questions of law in the removal order, 8 U.S.C. § 1252(a)(2)(D). Congress has created a remedy as broad in scope as a habeas petition. It is an adequate and effective substitute to test the legality of a person's detention. See Swain, 430 U.S. at 381–82, 97 S. Ct. 1224; see also INS v. St. Cyr, 533 U.S. 289, 314 n. 38, 121 S. Ct. 2271, 150 L.Ed.2d 347 (2001) ("As to the question of timing and congruent means of review, we note that Congress could, without raising any constitutional questions, provide an adequate substitute [to replace habeas proceedings for aliens resisting a removal order] through the courts of appeals.").

Mohamed v. Gonzales, 477 F.3d 522, 526 (8th Cir. 2007). "For the writ of habeas corpus, or its substitute, to function as an effective and proper remedy [], the court that conducts the habeas proceeding must have the means to correct errors that occurred during the [previous] proceedings." Boumediene v. Bush, 553 U.S. 723, 786 (2008). Here, after a removal order is final and enforceable, a petitioner

may file a motion to reopen before the IJ or BIA if circumstances have changed. There are no time or numerical limits on motions seeking to reopen based on asylum and materially changed country conditions in the country to which the petitioner will be removed. See 8 C.F.R. § 1003.23(b)(4)(i). Here, Adan was able to, through his attorney, file a motion to reopen, which is currently pending before the BIA, along with his motion for a stay.

This Court is bound by the precedent of the Eighth Circuit Court of Appeals, not the opinions of out-of-circuit district courts. However, the Court points out that the cases relied upon by Adan are inapposite. In <u>Devitri v. Cronen</u>, No. CV 17-11842-PBS, 2017 WL 5707528 (D. Mass. Nov. 27, 2017), and <u>Hamama v. Adducci</u>, 258 F. Supp. 3d 828, 830 (E.D. Mich. 2017), the courts issued stays in order to allow the petitioners to file motions to reopen based on changed country conditions, something that Adan has already accomplished in this case. Additionally, in <u>Devitri</u>, the court did find that "the Immigration Court's <u>procedures</u> typically are an adequate and effective administrative alternative to habeas corpus relief consistent with the Suspension Clause." <u>Id.</u> at *7. The court's concern regarding the adequacy of the BIA's procedures was with regard

to petitioners who were not in physical custody.  Id.  Here, Adan is in the physical custody of ICE and is represented by a skilled attorney.

Additionally, any appeal of the BIA's decision on the initial removal order or the motion to reopen is within the exclusive jurisdiction of the appropriate Court of Appeals.  See Tostado v. Carlson, 481 F.3d 1012, 1014 (8th Cir. 2007); Mata v. Lynch, 135 S. Ct. 2150, 2153-54 (2015).

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Petitioner Maxamed Adan's Emergency Motion for Temporary Restraining Order and Stay of Removal [Docket No. 4] is **DENIED**.

Dated:   December 4, 2017              s/ Michael J. Davis
                                       Michael J. Davis
                                       United States District Court